IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE LOT OF THIRTY NINE THOUSAND EIGHT HUNDRED FIFTY THREE DOLLARS ($39,853.00) IN U.S. CURRENCY,<br>Defendant | ) | C.A. No. CA 06 315S |

COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, acting by and through the United States Attorney for the District of Rhode Island, in a civil cause for forfeiture, alleges upon information and belief:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, 1356, and 1395, 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 983.

2. That on or about December 29, 2005, the defendant currency, one lot of thirty nine thousand eight hundred fifty three dollars ($39,853.00) in U.S. currency, was seized by members of the Cranston Police Department pursuant to the arrest of Richard Aybar after his vehicle was stopped for speeding on Route 10 in Cranston, Rhode Island. (see affidavit of Middletown Police Detective William F. Macioci attached hereto and made a part hereof).

3. That on or before December 29, 2005, the defendant currency was used to facilitate the illegal possession and distribution of controlled substances and was intended to be used

in exchange for controlled substances in violation of 21 U.S.C. § 841 et. seq., to wit: a Keebler Town House crackers box with $22,000 in cash was visible on the front passenger seat of the vehicle operated by Aybar; in the center console of the vehicle, officers discovered an additional $17,000 in a yellow envelope; an additional $853 was seized from Aybar's person; and a loaded Glock Model 27 .40 caliber handgun was concealed behind the passenger front seat pouch; a drug detection dog gave a positive indication for the presence of narcotics on the money (see affidavit of Middletown Police Detective William F. Macioci attached hereto and made a part hereof).

4. That the defendant currency constitutes monies furnished or intended to be furnished in exchange for controlled substances and the proceeds of controlled substance exchanges as within the meaning of 21 U.S.C. § 881(a)(6).

5. That by reason of the foregoing, the defendant currency is forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6).

6. That Alexander Oquendo has sent a claim of ownership to the Drug Enforcement Administration causing the United States Attorney to bring this action pursuant to 18 U.S.C. § 983(a)(3).

WHEREFORE, plaintiff, the United States of America, prays that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why

forfeiture should not be decreed, that the defendant be condemned as forfeited to the United States of America and thereafter be disposed of according to law; and for all costs incurred as well as such other and further relief as this court may deem just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

VERIFICATION

I, Michael P. Iannotti, being duly sworn, depose and say that I am an Assistant United States Attorney for the District of Rhode Island, that I have read the foregoing Complaint for Forfeiture in Rem, and that the contents thereof are true to the best of my knowledge, information, and belief.

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Sworn to and subscribed to before me this 12th day of July, 2006.

Linda A. Mazmanian, Notary Public
Notary Public
My commission expires 8/27/09.

# AFFIDAVIT

I, William F. Macioci, being duly sworn depose and state:

1. I am a Detective with the Middletown Police Department and have been so employed for the past 18 years. I am presently assigned as a Task Force Agent with the Drug Enforcement Administration.

2. This affidavit is submitted in support of the Complaint for Forfeiture *In Rem* against one lot of thirty nine thousand eight hundred fifty three dollars ($39,853.00) in U.S. currency seized by officers of the Cranston Police Department on December 29, 2005, pursuant to the arrest of Richard Aybar after his vehicle was stopped for speeding on Route 10 in Cranston, Rhode Island.

3. On December 29, 2005, at approximately 11:00 p.m., Cranston Police Officer Lee Sohn stopped a 2002 Mercedes CL500, MA. Dealer Reg. 5548F, operated by Richard Aybar on Route 10 in Cranston, Rhode Island for traveling 67 mph in a 50 mph zone. Aybar was operating a 2002 Mercedes CL500 bearing Massachusetts Dealer Registration 5548F. Sohn detected the odor of burnt marijuana emanating from the vehicle and Aybar's eyes appeared bloodshot and glossy. Aybar indicated that he did not have

marijuana in the car, that he had never been arrested, and that he was coming from his girlfriend's house in Pawtucket. Sohn ran a check and determined that Aybar had been arrested in 2000 for assault with a dangerous weapon and that the vehicle he was operating was not currently registered. Officer Hensler arrived and observed a Keebler Town House crackers box with a large sum of money ($22,000) visible on the front passenger seat. Aybar refused to answer when asked regarding any drugs or guns in the vehicle and was placed under arrest. Hensler discovered a Glock Model 27 .40 caliber handgun concealed behind the passenger front seat pouch. The handgun was loaded and ready to fire with ammunition in the chamber of the handgun. In the center console of the vehicle, officers discovered an additional $17,000 in a yellow envelope. An additional $853 was seized from Aybar's person. The currency was in $1000 bundles and the denominations were as follows: 133-$100 bills, 86-$50 bills, 1103-$20 bills, 17-$10 dollar bills, 3-$5 dollar bills, and 8-$1 dollar bills. Aybar stated that he was transporting the money for a car dealership. The $22,000 seized from the box is consistent with the cost of approximately one kilogram of cocaine and the $17,000 is consistent with the cost of approximately three quarters of a kilogram of cocaine.

4. Aybar made further statements that he had one additional gun at his residence and signed a consent to search of his residence at 68 Hathaway Street, Cranston, Rhode Island. The residence was searched on December 30, 2005, and a Glock 9mm handgun, numerous rounds of 9mm, 40 cal., .380 cal. Ammo, 2 ballistic vests, and a suspected drug ledger were seized. The suspected drug ledger detailed names and/or initials with amounts of money and other information that are consistent with large amounts of illegal narcotics, suspected to be either ½ kilos or multi-kilos. Aybar was charged with illegal possession of a firearm and the charge is still pending.

5. On January 4, 2006, the currency was sniffed by a drug detection K-9 Houch, who gave a positive indication for the presence of narcotics.

6. Based upon the foregoing, there is probable cause to believe that the $39,853 in U.S. currency, described above, was furnished and intended to be furnished in exchange for a controlled substance, and constitutes the proceeds of the exchange of controlled substances, and that said currency is, therefore, subject to seizure and forfeiture pursuant to Title 21

U.S.C. Section 881(a)(6).

WILLIAM F. MACIOCI
Detective
Middletown Police Department

Subscribed and sworn to before me
this 12th day of July, 2006.

Linda A. Mazmanian Notary Public
Notary Public

My commission expires: 8/27/09