IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA, Plaintiff )
) C.A. No. 06-315S
vs. )
)
ONE LOT OF THIRTY NINE THOUSAND EIGHT HUNDRED FIFTY THREE DOLLARS, ($39,853.00) IN U.S. CURRENCY, Defendant )

PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT

This is an *in rem* action brought pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of America, of all monies furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate a controlled substance violation.

FACTS

On December 29, 2005, at approximately 11:00 p.m., Cranston Police Officer Lee Sohn stopped a 2002 Mercedes CL500, Massachusetts Dealer Registration 5548F, operated by Richard Aybar on Route 10 in Cranston, Rhode Island, for traveling 67 mph in a 50 mph zone. Sohn detected the odor of burnt marijuana emanating from the vehicle and Aybar’s eyes appeared bloodshot and glossy. Aybar indicated that he did not have marijuana in the car, that he had never been arrested, and that he was coming from his girlfriend’s house in Pawtucket. Sohn ran a check and determined that Aybar had been arrested in 2000 for assault with a dangerous weapon and that the vehicle he was operating was not

currently registered. Officer Warren Hensler arrived and observed a Keebler Town House crackers box with a large sum of money ($22,000) visible on the front passenger seat. Aybar refused to answer when asked about any drugs or guns in the vehicle and was placed under arrest. Hensler discovered a Glock Model 27 .40 caliber handgun concealed behind the passenger front seat pouch. The handgun was loaded and ready to fire with ammunition in the chamber of the handgun. In the center console of the vehicle, officers discovered an additional $17,000 in a yellow envelope. An additional $853 was seized from Aybar's person. The currency was in $1000 bundles and the denominations were as follows: 133-$100 bills, 86-$50 bills, 1103-$20 bills, 17-$10 dollar bills, 3-$5 dollar bills, and 8-$1 dollar bills. Aybar stated that he was transporting the money for a car dealership. The $22,000 seized from the box is consistent with the cost of approximately one kilogram of cocaine and the $17,000 is consistent with the cost of approximately three quarters of a kilogram of cocaine.

Aybar made further statements that he had one additional gun at his residence and signed a consent to search his residence at 68 Hathaway Street, Cranston, Rhode Island. The residence was searched on December 30, 2005, and a Glock 9mm handgun, numerous rounds of 9mm, 40 cal., .380 cal. Ammo, 2 ballistic vests, and a suspected drug ledger were seized. The suspected drug ledger detailed names and/or initials with amounts of money and other information that are consistent with large amounts of illegal

narcotics, suspected to be either ½ kilos or multi-kilos. Aybar was charged with illegal possession of a firearm and the charge is still pending.

On January 4, 2006, the currency was sniffed by a drug detection K-9 Houch, who gave a positive indication for the presence of narcotics.

Based upon the foregoing, there is probable cause to believe that the $39,853 in U.S. currency, described above, was furnished and intended to be furnished in exchange for a controlled substance, and constitutes the proceeds of the exchange of controlled substances, and that said currency is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. Section 881(a)(6).

A claim to the currency was filed with the Drug Enforcement Administration by Alexander Oquendo who has several arrests for drug possession and dealing, including heroin.

LEGAL AUTHORITIES

Title 21, U.S.C., § 881(a) provides:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . .
>
> (6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

The government's burden of proof is to establish by a

preponderance of the evidence that the defendant currency constitutes the proceeds of the sale of controlled substances or was intended to be used to purchase a controlled substances. 18 U.S.C. § 983(c)(1). Once the government has shown by a preponderance of the evidence that the defendant currency is subject to forfeiture, the burden shifts to the claimant to prove by a preponderance of the evidence 1) that he has an ownership interest in the defendant currency and 2) that he is ignorant of the illegal conduct that gave rise to the seizure. 18 U.S.C. § 983(d)(1); United States v. Two Hundred Fifty Thousand Dollars ($250,000.00) in U.S. Currency, 808 F.2d 895, 900 (1st Cir. 1987).

Alexander Oquendo has filed an Answer to the Complaint without having filed a verified statement identifying his interest in or right to the defendant currency or a portion thereof as is required by Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims which is incorporated by 18 U.S.C. § 983(a)(4)(A).

The filing of a verified statement is “no mere procedural technicality.” United States v. $23,000 in U.S. Currency, 356 F.3d 158, 163 (1st Cir. 2004). See also United States v. $31,852.38 in U.S. Currency, 2006 WL 1538809 (3rd Cir. 2006). By forcing claimants to assert their ownership interest under oath, it creates ”a deterrent against filing false claims.” United States v. $23,000 in U.S. Currency at 163; United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir.

2000) ("Verification forces the claimant to place himself at risk for perjury of false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse"). This requirement is of even greater importance where, as here, the potential claimant of the currency is not the same individual from whom it was seized.

Since Oquendo has failed to file the required verified statement of interest with the court, the Answer filed by Oquendo should be stricken from the record.

Even if Oquendo were to become a claimant to the currency in this case, he will not be able to establish that he is an innocent owner of the currency given the circumstances under which it was discovered as outlined above.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the within Plaintiff's Pretrial Conference Statement with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

The following participant has received notice electronically:

Scott A. Lutes, Esq.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney