IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs.<br><br>One Lot of Thirty Nine Thousand Eight Hundred Fifty Three Dollars ($39,853) in U.S. Currency<br>Defendant. | ) | C.A. No. 06-315S |

MOTION TO STRIKE ANSWER

Now comes the plaintiff, the United States of America, by and through its attorneys, and moves to strike the answer filed by Alexander Oquendo on the grounds that Oquendo has failed to file a verified claim prior to filing an answer to the complaint as is required by Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

This motion is supported by the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of November, 2006, I electronically filed the within Motion to Strike Answer and accompanying memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Scott A. Lutes, Esq.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs.<br><br>One Lot of Thirty Nine Thousand Eight Hundred Fifty Three Dollars ($39,853) in U.S. Currency<br>Defendant. | ) | C.A. No. 06-315S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF**
**UNITED STATES OF AMERICA'S MOTION TO STRIKE ANSWER**

## I. INTRODUCTION

This is an *in rem* action brought pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of America of all monies furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate a controlled substance violation.

## II. BACKGROUND

The defendant currency was seized by members of the Cranston Police Department on or about December 29, 2005, pursuant to the arrest of Richard Aybar[1] after his vehicle was stopped for speeding on Route 10 in Cranston, Rhode Island.

---

[1]Aybar's default was entered by the clerk on November 15, 2006.

On or about April 12, 2006, Alexander Oquendo, who was not present at the time of the seizure of the currency, filed a "Notice of Contest of Forfeiture" with the Drug Enforcement Administration causing the U.S. Attorney to commence this action pursuant to 18 U.S.C. § 983(a)(3), on July 12, 2006.

On August 15, 2006, Oquendo filed an Answer to the Complaint without having filed the required verified claim or "statement of interest".

On August 25, 2006, copies of the summons, complaint and warrant of arrest *in rem* were served upon Alexander Oquendo at his car dealership, K & D Auto Sales, 18 Kay Avenue, Holyoke, Massachusetts. The summons indicated that Oquendo was required to file a claim within thirty (30) days and an answer to the complaint within twenty (20) days after the filing of his claim.

## III. ARGUMENT

Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims which is incorporated by 18 U.S.C. § 983(a)(4) states as follows:

> (A) **Civil Forfeiture.** In an in rem forfeiture action for violation of a federal statute:
>
> (i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
>
> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or

(B) within the time that the court allows.

...

(iii) a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after filing the statement.

While Oquendo has filed an answer, he has failed to file a claim or "statement of interest". He was advised of the necessity of filing a claim within thirty (30) days when he was served with the summons and complaint on August 25, 2006.

The filing of a verified statement is "no mere procedural technicality ... as [i]t forces claimants to assert their alleged ownership under oath, creating a deterrent against filing false claims." United States v. $23,000 in U.S. currency, 356 F. 3d 158, 163 (1st Cir. 2004). United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000) ("Verification forces the claimant to place himself at risk for perjury of false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse"). This requirement "serves as the means of establishing statutory standing in forfeiture actions." United States v. $31,852.38 in U.S. Currency, 183 Fed. Appx. 237 (3rd Cir. 2006). The requirement of filing a verified claim or statement of interest is of even greater importance where, as here, the potential claimant of the currency is not the same individual from whom it was seized.

Oquendo's failure to file a claim to the currency, therefore, warrants this court striking the answer. United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208 (7th Cir. 1985) (summary judgment upheld based on claimant's failure to file a timely claim). See also United States v. Fourteen (14) Handguns, 524 F. Supp. 395, 397 (S.D. Tex. 1981) (would-be claimant filed only answer after being informed of necessity of filing a claim and answer; unverified petition for return of property could not be considered a claim as contemplated by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; motion to strike answer granted) See also, United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir. 1986)("the District Court did not abuse its discretion by requiring strict compliance with Rule C(6) and striking [claimant's] answer because he did not precede it with a verified claim").

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion to strike the answer filed by Alexander Oquendo should be granted.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov